IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JENIFER LILLY | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. _____ |
| JACOB LAW GROUP, PLLC, | ) ) ) | |
| Defendant. | ) ) ) | Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because Plaintiff resides here and Defendant transacts business here.

### PARTIES

4. Plaintiff Jenifer Lilly (hereinafter "Plaintiff") is a natural person who resides in Sullivan County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Jacob Law Group, PLLC (hereinafter "Defendant Jacob") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and they may be served through its

registered agent at: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

## FACTUAL ALLEGATIONS

6. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owned and or serviced by GE Money Bank.

7. After default, Plaintiff's debt was transferred to Defendant Jacob for collection from Plaintiff.

### *July 11, 2011 Collection Letter*

8. On or about July 11, 2011, Defendant Jacob sent Plaintiff a collection letter dated July 11, 2011. ***Copy of July 11, 2011 collection letter filed as Exhibit 1 to this Complaint.***

9. The July 11, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

10. The July 11, 2011 collection letter prominently displays the name, Jacob Law Group, PLLC, on the letterhead.

11. The July 11, 2011 collection letter was the initial communication in connection with collection of the debt by Defendant Jacob.

12. The July 11, 2011 collection letter stated that (a) the original creditor was GE Money, (b) the balance was $798.57, and (c) the account number was 6045831320524095.

13. The July 11, 2011 collection letter further stated that:

> "Please accept this correspondence as notice that Jacob Law Group, PLLC has been retained to collect the above-referenced account, which is presently past due and owing in the amount, indicated above.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> . . .
>
> At this time, no attorney with this firm has personally reviewed the particular circumstance of your account.
>
> This is a communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose."

14. The July 11, 2011 collection letter was auto signed:

   "Jacob Law Group, PLCC".

### *False, Deceptive, Misleading, and Unfair Communication*

15. The prominent display of the name, Jacob Law Group, PLLC, on Defendant Jacob's letterhead, implies that attorneys, acting as attorneys, are involved in collecting the debt from the Plaintiff.

16. The least sophisticated consumer, upon receiving the July 11, 2011 collection letter, may reasonably believe that an attorney has reviewed her file and has determined that she is a candidate for legal action.

17. The disclaimer in the July 11, 2011 collection letter – "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account" – fails to

3

Case 2:12-cv-00284-JRG-DHI   Document 1   Filed 07/11/12   Page 3 of 7   PageID #: 3

make clear to the least sophisticated consumer that Defendant Jacob is acting solely as a debt collector and not in any legal capacity in sending the letter, and it does little to clarify Defendant Jacob's role in collecting the debt because it completely contradicts the message conveyed by the prominent display of Defendant Jacob's firm name and attorneys' names, which message is that it has been retained as a law firm to collect the debt from Plaintiff.

18. Defendant Jacob's July 11, 2011 collection letter violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in collection of Plaintiff's debt.

*Failure to Correctly State the Amount of the Debt*
*Within Five Days After the Initial Communication*

19. The July 11, 2011 collector letter was the "initial communication" by Defendant Jacob with Plaintiff in connection with collection of the debt.

20. Within five days after Defendant Jacob sent the July 11, 2011 collection to Plaintiff, Plaintiff had not paid the debt.

21. Defendant Jacob's July 11, 2011 initial communication which disclosed the amount allegedly owing did not state that the amount of the debt included interest that changes periodically and the letter did not expressly state as of what date that amount is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest.

22. Within five days after the initial communication by Defendant Jacob with Plaintiff in connection with collection of the debt, Defendant Jacob failed to send Plaintiff a written notice containing the amount of the debt that Defendant Jacob was attempting to collect as required by 15 U.S.C. § 1692g(a)(1).

4

23. By failing to send Plaintiff a written notice containing the amount of the debt within five days after the initial communication with Plaintiff, Defendant Jacob failed to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

### *Failure to Correctly State the Name of the Creditor to Whom the Debt is Owed Within Five Days After the Initial Communication*

24. Defendant Jacob's July 11, 2011 initial communication stated the name of the original creditor, but failed to identify the current owner.

25. By failing to provide Plaintiff the name of the creditor to whom the debt is owed, within five days after the initial communication, Defendant Jacob violated 15 U.S.C. § 1692g(a)(2).

### *Failure to State the Correct Amount of the Debt*

26. By failing to state the total amount due in the July 11, 2011 collection letter, Defendant Cunningham made a false, deceptive, and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Summary*

27. The above-detailed conduct by Defendant in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

30. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

31. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/11/12                              Respectfully submitted,

**JENIFER LILLY**

/s/     Alan C. Lee
Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
PO Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com